```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JIAN TAM; MADE IN BROOKLYN
DESIGNS, INC.,

                    Plaintiffs,              MEMORANDUM AND ORDER
                                             21-CV-2148 (RPK) (PK)
        v.

MIH CP SOLUTIONS, LLC; JIM PICCILO;
VINCE BRYNICZKA; and MARCO MORAN,

                    Defendants.
---------------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

Plaintiffs Jian Tam and Made in Brooklyn Designs, Inc. filed this action in state court seeking damages for conversion and unjust enrichment. The case was removed to federal court. Defendant Vince Bryniczka now moves to dismiss the case for lack of personal jurisdiction. For the reasons set forth below, the Court lacks personal jurisdiction over Bryniczka but, in lieu of dismissal, this action is transferred to the United States District Court for the Middle District of Florida.

### BACKGROUND

The following facts are drawn from the amended complaint and affidavits submitted by the parties. Plaintiffs' allegations are assumed true for purposes of this order. *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).

Plaintiffs Jian Tam and Made in Brooklyn Designs, Inc. entered into a joint venture agreement with defendants Jim Piccillo and MIH CP Solutions, LLC "for the purpose of supplying personal protective equipment ('PPE') to front line workers within and without the state of New York." Am. Compl. ¶ 1 (Dkt. #15); *see* Tam Decl., Ex. C ("Joint Venture Agreement") 1 (Dkt. #32-6). Plaintiffs are residents of New York. Am. Compl. ¶¶ 11–12. Defendant Marco Moran is

1

a resident of Texas, and all other defendants, including Bryniczka, are residents of Florida.  *Id.* at ¶¶ 13–18.

The joint venture operated by purchasing PPE from authorized distributors and re-selling it to end customers.  *See* Tam Decl. ¶ 8 (Dkt. #32-3); *id.*, Ex. F ("Sales Affiliate Agreement") 1 (Dkt. #32-9).  The joint venture contracted with several independent sales affiliates, who received commissions for successfully identifying customers.  *See* Sales Affiliate Agreement 1.  At least six sales affiliates and two customers resided in New York.  Tam Decl. ¶¶ 11, 15.

Taking as true the allegations in the complaint, Bryniczka was the vice-president of MIH CP Solutions and was "an active participant in the management and operations of the [joint venture]."  Mem. in Opp'n 5 (Dkt. #32-15); *see* Am. Compl. ¶¶ 17, 28.  According to plaintiffs, Bryniczka identified customers, met with clients and sales affiliates, established PPE pricing, set protocols for sales affiliates, and sourced PPE from other vendors.  Mem. in Opp'n 5; *see* Tam Decl., Ex. D (Dkt. #32-7).

In April 2020, the joint venture agreed to purchase nearly $6 million worth of N95 respirator masks from two third-party companies, neither of which is alleged to be located in New York.  *See* Am. Compl. ¶¶ 37–39.  Bryniczka received "not less than $183,333.00" from purchase orders placed in connection with these agreements.  *Id.* at ¶ 41.

For reasons unrelated to this lawsuit, both purchase agreements were terminated by September 2020.  *Id*. at ¶¶ 44–45.  Plaintiffs asked Bryniczka to refund the commissions he received, but Bryniczka refused.  *Id*. at ¶¶ 46–47.

Plaintiffs sued Bryniczka, among other defendants, for conversion of property and unjust enrichment.  *Id*. at ¶¶ 66–74.  Bryniczka moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Mot. to Dismiss (Dkt. #32).  Both parties request in the

alternative that the Court transfer the action to the Middle District of Florida. *Id.* at 11–13; Mem. in Opp'n 15–16.

## STANDARD OF REVIEW

Bryniczka moves to dismiss plaintiffs' claims against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiffs bear the burden of showing that jurisdiction exists, *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003), and the Court "may consider materials outside the pleadings," *Johnson v. UBS AG*, 791 F. App'x 240, 241 (2d Cir. 2019). Prior to discovery, "a plaintiff is required only to make a *prima facie* showing by pleadings and affidavits that jurisdiction exists." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Under that standard, "a complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'" *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (citation omitted). In this posture, the Court construes all pleadings and affidavits in the light most favorable to the plaintiffs and resolves all doubts in their favor. *Penguin Grp. (USA) Inc. v. American Buddha*, 609 F.3d 30, 34 (2d Cir. 2010).

Both parties request in the alternative that the Court transfer this action to the Middle District of Florida. Under 28 U.S.C. § 1404(a), district courts have discretion to transfer actions to another district court "[f]or the convenience of parties and witnesses, in the interest of justice." *See Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021).

## DISCUSSION

For the reasons discussed below, the Court lacks personal jurisdiction over Bryniczka. In lieu of dismissal, this action is transferred to the Middle District of Florida.

3

### I.   The Court Lacks Personal Jurisdiction over Bryniczka

Under Federal Rule of Civil Procedure 4(k)(1)(A), "[w]ith exceptions not relevant here, a district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002); *see Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). A federal court in New York must therefore engage in "a two-step analysis" to determine whether personal jurisdiction exists in a diversity suit. *Bank Brussels Lambert*, 305 F.3d at 124. First, the court must determine if New York statutes would confer jurisdiction over the defendant. *Ibid.* Then, "[i]f there is a statutory basis for jurisdiction," a court should ascertain "whether New York's extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." *Ibid.*

A plaintiff can establish jurisdiction over a defendant based on either "general" or "specific" jurisdiction. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "General jurisdiction . . . permits a court to adjudicate any cause of action against the . . . defendant, wherever arising, and whoever the plaintiff," whereas "[s]pecific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state." *Ibid*. As discussed below, plaintiffs fail to make a *prima facie* showing of either general or specific personal jurisdiction.

#### A.  General Jurisdiction

"General personal jurisdiction in New York is governed by Civil Practice Law and Rules, Section 301, which allows a court to exercise 'such jurisdiction over persons, property, or status as might have been exercised heretofore.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020) (quoting N.Y. C.P.L.R. § 301). "This provision has been interpreted as

authorizing jurisdiction over non-domiciliaries 'when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum state.'" *Lebron v. Encarnacion*, 253 F. Supp. 3d 513, 517 (E.D.N.Y. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "New York law requires that the defendant be present in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Landoil Res. Corp. v. Alexander and Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (citation omitted). "The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014).

Plaintiffs fail to make a *prima facie* showing that Bryniczka had sufficiently "continuous and systematic" affiliations with New York to be "essentially at home" in the State. *Goodyear*, 564 U.S. at 919. Bryniczka is a resident of Florida. Am. Compl. ¶ 16. Plaintiffs claim that Bryniczka is subject to general jurisdiction in New York because of his role in the joint venture. Mem. in Opp'n 5–6. But while the Court assumes the truth of plaintiffs' contention that Bryniczka was "an active participant in the management and operations" of the joint venture, *id.* at 5, plaintiffs fail to identify any specific contacts that Bryniczka had with New York in connection with the joint venture's activities. For example, plaintiffs assert that Bryniczka targeted and acquired joint-venture customers, *ibid.*, but plaintiffs cite only a conversation relating to prospective clients in Florida, Maryland, and Spain, Tam. Decl., Ex. D 9–11, 14. Similarly, plaintiffs assert that Bryniczka "establish[ed] pricing for PPE," Mem. in Opp'n 5, but plaintiffs cite only a text message conversation in which Bryniczka agreed to quote a price to a Tennessee company, Tam. Decl., Ex. D 3. And although plaintiffs contend that Bryniczka managed sales affiliates, *see* Mem. in Opp'n 5, 9, the cited conversation refers to only one individual who has no

5

alleged connection to New York, *see* Tam. Decl., Ex. D 1.  Plaintiffs' allegations that Bryniczka managed the joint venture, without any allegations connecting Bryniczka to New York, are insufficient to establish that Bryniczka is subject to general jurisdiction in the State.  *See, e.g.*, *Mazloum v. Int'l Com. Corp.*, 829 F. Supp. 2d 223, 227–28 (S.D.N.Y. 2011) ("[T]here are no allegations that [defendant] had a presence in New York in connection with the . . . joint venture. In the face of the testimony of [defendant] specifically denying any presence in New York, [plaintiff] did not endeavor to allege any further facts supporting personal jurisdiction in his opposition brief, and therefore cannot carry his burden.").

       This conclusion is unaffected by plaintiffs' assertion in their memorandum of law that Bryniczka "target[ed] New York Customers and manage[d] multiple sales affiliates (six to be exact) located in New York."  Mem. in Opp'n 9.  A party may not "rely on the unsworn statements in his memorandum of law in order to make a *prima facie* showing of personal jurisdiction."  *Guo Jin v. EBI, Inc.*, No. 05-CV-4201 (NGG) (SMG), 2008 WL 896192, at *2 n.2 (E.D.N.Y. Mar. 31, 2008); *Williams v. Connecticut*, No. 3:15-CV-627 (VAB), 2016 WL 4472935, at *4 (D. Conn. Aug. 24, 2016) ("The Court . . . cannot rely on a party's unsworn statements in his memorandum to defeat a motion to dismiss for lack of jurisdiction.") (collecting cases).  And as discussed above, plaintiffs' complaint, declaration, and supporting materials do not suggest that Bryniczka participated in or managed the joint venture's activities in New York.  Those documents allege that the joint venture conducted business activity in New York and that Bryniczka was one of the joint venture's managers, but they do not allege any involvement of Bryniczka in the joint venture's activities in New York.

6

Accordingly, plaintiffs have not made a *prima facie* showing that Bryniczka is subject to general jurisdiction in New York.[1]

### B. Specific Jurisdiction

Plaintiffs attempt to establish specific jurisdiction over Bryniczka through New York Civil Practice Law and Rules Section 302(a)(1), which provides in relevant part that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." *See* Mem. in Opp'n 6–11. "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (citation omitted).

Plaintiffs fail to make a *prima facie* showing that Bryniczka transacted business within New York. "To determine whether a party has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." *Bank Brussels*, 171 F.3d at 787. A party who was "domiciled out of state, conducted his personal business activities out of state, had no office, bank account or telephone listings in New York, and neither solicited business in the state nor 'entered th[e] State in connection with his dealings' with the New York plaintiff" cannot be said to have transacted business in New York for purposes of Section 302(a)(1). *Ibid*. (citing *Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280, 284 (1970)).

---

[1] Plaintiffs' complaint includes several allegations suggesting that MIH CP Solutions may be Bryniczka's "alter ego." *See* Am. Compl. ¶¶ 19–35. The Second Circuit has held that "in general, 'alter egos are treated as one entity' for jurisdictional purposes." *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) (citation omitted). However, plaintiffs do not advance an alter ego theory in their memorandum of law, and plaintiffs do not respond to Bryniczka's argument that plaintiffs' alter ego allegations are insufficient as a matter of law. *See* Mot. to Dismiss 5–6. Accordingly, plaintiffs have abandoned this theory and I do not address it here. *See Simmons v. Nat'l R.R. Pass. Corp.*, No. 19-CV-6986 (LGS), 2020 WL 2904847, at *4 (S.D.N.Y. June 3, 2020) (collecting cases).

Plaintiffs fall short under this standard. While plaintiffs allege that the *joint venture* conducted transactions within the State, plaintiffs have not identified any specific contacts that *Bryniczka* had with New York. *See* pp. 5–6, *supra*. Plaintiffs' complaint, declarations, and supporting materials do not suggest, for example, that Bryniczka solicited business in New York, that he interacted with any clients or sales affiliates in New York, or that he established pricing for any transactions that occurred in New York. *See ibid*. Moreover, plaintiffs cannot establish that Bryniczka transacted business in New York from the mere fact that the joint venture agreement contained a New York choice of law provision. *See* Joint Venture Agreement 1. Bryniczka was not a party to the agreement, *see ibid*., and, in any event, "a contract with a New York choice-of-law clause is not sufficient to qualify as transacting business for the purposes of New York's long-arm statute," *Gatx Corp. v. Georgia Power Co.*, No. 18-CV-9758 (AJN), 2019 WL 4511629, at *4 (S.D.N.Y. Sept. 19, 2019); *Hood v. Ascent Med. Corp.*, 691 F. App'x 8, 11 (2d Cir. 2017) (collecting cases). Accordingly, plaintiffs have not adequately alleged that Bryniczka transacted business in New York. *See Bank Brussels*, 171 F.3d at 787; *Ferrante*, 26 N.Y.2d at 284 ("[I]n order to sustain jurisdiction, there must be some transaction attributable to the one sought to be held which occurs in New York.").

Because plaintiffs have not shown that Bryniczka transacted business activity in New York at all, they have also not shown that their claims against Bryniczka arise out of his activity within the State. "A claim 'arises out of' a defendant's transaction of business in New York 'when there exists "a substantial nexus" between the business transacted and the cause of action sued upon.'" *Agency Rent a Car Sys., Inc. v. Grand Rent a Car Corp.*, 98 F.3d 25, 31 (2d Cir. 1996) (citation omitted). Here, plaintiffs claim that Bryniczka is liable for conversion and unjust enrichment because he refused to return commissions relating to two third-party purchase agreements. Am.

Compl. ¶¶ 66–74. But while plaintiffs have suggested that the funds involved in the alleged conversion and unjust enrichment came from the *joint venture*'s activities in New York, *see* Mem. in Opp'n 9, plaintiffs' complaint, declaration, and supporting materials do not allege that *Bryniczka* undertook activity in New York to convert plaintiffs' property or unjustly enrich himself. And while plaintiffs contend that the connection between Bryniczka and New York is "heighten[ed]" by the fact that the joint venture used a New York bank account, Mem. in Opp'n 9, that fact is not sufficient to establish specific jurisdiction. *See Timothy Coffey Nursery Landscape Inc. v. Soave*, 760 F. App'x 58, 60 (2d Cir. 2019) ("The only contact defendants allegedly had with New York is the use of funds flowing between *plaintiffs*' New York bank account and defendants' Canadian bank account and some communications associated with these wire transfers. This 'essentially adventitious' use of a New York bank account does not establish personal jurisdiction.") (citation omitted). Accordingly, this Court lacks personal jurisdiction over Bryniczka.

**II.   This Action is Transferred to the Middle District of Florida**

In lieu of dismissal, this action is transferred to the Middle District of Florida. "[L]ack of personal jurisdiction" can "be cured by transfer to a district in which personal jurisdiction could be exercised." *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000). And 28 U.S.C. § 1404(a) authorizes such transfers by providing that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Plaintiffs could have brought this action in the Middle District of Florida. *See* 28 U.S.C. § 1391. Bryniczka and Piccillo both reside in Florida, and MIH CP Solutions is a citizen of Florida for jurisdictional purposes. *See* Am. Compl. ¶¶ 13–14, 16. Personal jurisdiction therefore exists

9

in Florida as to these defendants, *see Daimler*, 571 U.S. at 137, and subject-matter jurisdiction exists under 28 U.S.C. § 1332(a).

In deciding whether to transfer a case, a district court should consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (citation omitted). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

The interests of justice warrant transferring this action to the Middle District of Florida. District courts ordinarily give "great weight" to a plaintiff's choice of forum, *id.* at 107, but plaintiffs request that the action be transferred instead of dismissed, Mem. in Opp'n 15–16. The Middle District of Florida is a convenient forum because three of the four defendants reside there, Am. Compl. ¶¶ 13–18, and most of the non-party witnesses reside in Florida, *see* Bryniczka Decl. ¶¶ 17–18 (Dkt. #32-1). To the extent that relevant documents and witnesses exist in New York, this fact does not counsel against transfer "because: (1) the alternative is outright dismissal of the action; (2) plaintiff[s] requested the transfer in lieu of dismissal; and (3) the lack of personal jurisdiction over [Bryniczka] justifies the transfer of this action." *Unlimited Care, Inc. v. Visiting Nurse Ass'n of Eastern Mass., Inc.*, 42 F. Supp. 2d 327, 333 (S.D.N.Y. 1999).

## CONCLUSION

This action is transferred to the United States District Court for the Middle District of Florida. The Clerk of Court is respectfully directed to electronically transfer this action to the Middle District of Florida.

SO ORDERED.

/s/ Rachel Kovner  
RACHEL P. KOVNER  
United States District Judge

Dated: December 5, 2022  
        Brooklyn, New York